Dear Mr. Sunseri:
We are in receipt of your request for reconsideration of Attorney General Opinion No. 93-14 which concluded a firefighter does not have to die in the line of duty for his widow to recover benefits if he is a permanent employee. You feel off duty death benefits or disability is available only after ten years of service was completed.
As you recognize R.S. 11:3261(5)(a) provides if any member of the fire department, "while in the service of the fire department" dies from "any cause" leaving a surviving spouse, such spouse shall be entitled to receive for the remainder of her life a monthly pension. The basic question was found to be whether "while in the service of the fire department" means being a permanent member of the fire department, or does it require that the death resulted while in the line of duty.
You state that "service" is defined in R.S. 11:3263(B) and since the individual in question was not performing any activity described therein, you question if his spouse should be qualified to receive benefits.
We note that R. S. 11:3263 is entitled "Military service credit; computation of length of service, definitions". Paragraph (A) provides time served in service of the United States Government in time of war shall constitute service. Paragraph (B)(1) states time lost on account of sick leave and fire department "service injury" shall constitute service in the fire department. (B)(2) as relied upon by you states service "shall also include any activity while on or off duty with a view toward saving life or property". Finally, (B)(3) is that time served prior to July 29, 1964 and the active service in said fire department shall be considered as service in said fire department for the retirement provisions.
We do not find R.S. 11:3263, when read as a whole, supports a conclusion that Atty. Gen. Op. No. 93-14 was incorrect, but feel it simply extends the situations that will constitute "service."
On the contrary, we feel the conclusion was correct that "while in service" gives coverage to those in active employment with the fire department in addition to the retirees that are included. We feel wherein the statute states it applies to "any member of the fire department", it then clarifies this by including those "in the service of the fire department" and those eligible to receive benefit and those receiving benefits.
We find further support as to the interpretation of "service" when reading all of the provisions on the Firefighters Pension and Relief Fund and find it repeatedly used as synonymous with employment in the fire department. In R.S. 11:3261 3(a)(b) and (c), relative to retirement, speaks of years of "service of said department". R.S. 11:3262 is in regard to a member becoming separated "from service".
However, we find it most significant that paragraph (6) of R.S. 11:3261 provides as follows:
 If any member of the fire department, while in the service of the fire department or who is eligible for or receiving benefits under the provisions of this Part, dies from any cause, the board of trustees shall appropriate from the fund the sum of five hundred dollars for funeral and burial expenses of such deceased member.
We have been informed this sum is afforded to the surviving spouse of the firefighter who dies while off duty as well as those in the line of duty, and we find the language is the same as in the paragraph in question.
Your proposed amendment to the statute, along with the present question, indicates to us the meaning of "while in service of the fire department" is not clear in the statute as presently written. For this reason we cannot accept your contention that the intent of the Legislature was that unless the firefighter was employed for ten years his death must be in the line of duty for his surviving spouse to receive benefits. We do not find the language supports this conclusion, and must follow the established rule of law that a pension statute should be liberally construed in favor of the widow. Maillet v. Board of Trustees, 183 So.2d 32, 248 La. 964 (1966), Atty. Gen. Op. Nos. 93-32, 92-732, 85-699.
Consequently, we feel the amendment would be necessary to support your view. We note in R.S. 11:3378 on the Firefighters Pension and Relief Fund in New Orleans there are benefits for the widow of a firefighter dying in discharge of duties and a separate paragraph for those dying while employed as a firefighter but not killed while on duty.
We hope this sufficiently states our position in reaffirming Atty. Gen. Op. No. 93-14, and that it will be of assistance to you.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR